UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

PERCY C. PERRY,

      Plaintiff,

  v.                                Case No. 11-C-0587

CITY OF MILWAUKEE HEALTH DEPARTMENT,

      Defendant.

ORDER DISMISSING THIS CASE WITHOUT PREJUDICE
FOR FAILURE TO STATE A CLAIM

On June 17, 2011, Percy Perry filed his pro se complaint against defendant. Perry alleges that defendant violated his civil rights under various federal statutes, including Title VII, the Americans With Disabilities Act, and the Genetic Information Nondiscrimination Act. He further claims that he was denied an employment position with the defendant and the position was given to a "less qualified white male." *(See* Doc. # 1 at 3.) However, plaintiff's claims as stated are merely speculative and do not satisfy the pleading standards outlined in the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

"After *Twombly* and *Iqbal* a plainitff to survive dismissal 'must plead some facts that suggest a right to relief that is beyond the "speculative level."'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (internal quotations and citations omitted). *Twombly* and *Iqbal* "require that a complaint be dismissed if the allegations do not state a plausible claim," meaning "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 831 (citing *Iqbal* 129 S. Ct. at 1949). Here, plaintiff provides no facts that place the defendant on notice as to the claims against it beyond a speculative level. For

example, plaintiff does not claim to be a member of a protected class under any of the statutes he cites, and does not assert how defendant's alleged conduct was unlawful.

The court is mindful that plaintiff is a pro se litigant and, as such, his pleadings are held to a less exacting standard and are to be construed liberally. *See Anderson v. Hardman*, 241 F. 3d 544, 545 (7th Cir. 2001). However, not even a liberal construction of plaintiff's complaint can provide it with a valid claim on which relief may be granted. Pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii), the court shall sua sponte dismiss an action, notwithstanding the payment of any filing fee, if the court determines that the action fails to state a claim on which relief may be granted.

Additionally, it is unclear whether plaintiff's complaint was filed within ninety days of issuance of the EEOC's notice of suit rights. Inasmuch as his filing contains a date that is difficult to determine as the ink from the date stamp is smeared. Thus, if the right to sue letter was issued prior to March 17, 2011, this action is untimely.

Therefore, in light of the plaintiff's failure to set forth a claim as required,

IT IS ORDERED that this case is dismissed without prejudice for failure to state a claim on which relief may be granted.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2011.

                                        BY THE COURT

                                        /s/ C. N. Clevert, Jr.
                                        C. N. CLEVERT, JR.
                                        CHIEF U. S. DISTRICT JUDGE